UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE F. ALDRIDGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | Case No. 1:19CV00075 ACL |
| BRIAN HOSKIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 10.) Defendants oppose the Motion. (Doc. 11.) For the following reasons, the Motion to Remand will be denied.

Plaintiff George F. Aldridge, Jr. filed suit, *pro se*, in the Circuit Court of Mississippi County, Missouri, on March 14, 2019. (Doc. 1-3.) The Petition asserts claims of violations of Aldridge's constitutional rights under 42 U.S.C. § 1983. *Id.* Aldridge was at all relevant times an inmate confined at either Southeast Correctional Center ("SECC") or the Eastern Reception Diagnostic Correctional Center ("ERDCC"). Aldridge claims that the prison official Defendants violated his Due Process rights when they took his personal property.

The record reflects that Defendant Hoskins was served with the Petition on April 8, 2019. (Doc. 1-1.) Defendant Hoskins removed this action from the Circuit Court of Mississippi County on May 7, 2019, citing original jurisdiction under 28 U.S.C. § 1331. (Doc. 1.) Defendant states that all Defendants consent to and request the action's removal to this Court. *Id.*

Aldridge filed a Motion to Remand, in which he argues that this action is not removable for

1

the following reasons: he has not exhausted all available state remedies, the Court should give deference to the plaintiff's selection of forum, his state law claims are not preempted by federal law, and the removal of this case to this Court will deny him of Due Process of law. (Doc. 10.)

In their Response, Defendants argue that Aldridge's Motion to Remand is premised on an inaccurate reading of the applicable rules and case law pertaining to removals and should therefore be denied. (Doc. 11.) Defendants state that Aldridge is admittedly pursuing his federal claims under section 1983, which provides this Court with federal question jurisdiction.

Defendants removed this case under this Court's federal question jurisdiction, 28 U.S.C. § 1331, because the Petition sets forth a civil action arising under the laws of the United States. Specifically, Aldridge titled his petition "Verified Complaint under 42 U.S.C. § 1983," and sets forth violations of his constitutional rights by prison officials. "Federal district courts have original jurisdiction over section 1983 claims, notwithstanding the fact that they share such jurisdiction with the courts of the states in which they sit." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). Thus, this Court has original jurisdiction over Aldridge's § 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a), because they are so related to the federal questions claims that they form part of the same case or controversy. "The presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Williams*, 147 F.3d at 703 (quoting *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996)). The Motion to Remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **denied.**

Dated this 2nd day of August, 2019.

                                                                                        ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE