UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | |
| ) | Case No. 1:19 CV 75 ACL |
| BRIAN HOSKIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration. (Doc. 15.) Also pending is Plaintiff's Motion to Correct Spelling of Defendants' Names and Request for Service on these Defendants. (Doc. 20.)

### Background

Plaintiff George F. Aldridge, Jr. filed suit, *pro se*, in the Circuit Court of Mississippi County, Missouri, on March 14, 2019. (Doc. 1-3.) The Petition asserts claims of violations of Aldridge's constitutional rights under 42 U.S.C. § 1983. *Id.* Aldridge was at all relevant times an inmate confined at either Southeast Correctional Center ("SECC") or the Eastern Reception Diagnostic Correctional Center ("ERDCC"). Aldridge claims that the prison official Defendants violated his Due Process rights when they took his personal property.

Defendant Hoskins removed this action from the Circuit Court of Mississippi County on May 7, 2019, citing original jurisdiction under 28 U.S.C. § 1331. (Doc. 1.)

Aldridge filed a Motion to Remand, in which he argued that this action is not removable for the following reasons: he has not exhausted all available state remedies, the Court should

1

give deference to the plaintiff's selection of forum, his state law claims are not preempted by federal law, and the removal of this case to this Court will deny him of Due Process of law. (Doc. 10.)

In an Order dated August 2, 2019, the Court found that it had original jurisdiction over Aldridge's § 1983 claims and denied the Motion to Remand. (Doc. 14.) Aldridge now requests that the Court reconsider its ruling.

**Discussion**

Aldridge, citing *Hudson v. Palmer*, 468 U.S. 517 (1986), contends that a Due Process claim based on the loss of personal property fails to state a claim cognizable in federal court. He argues that the Court should therefore reconsider the Order denying his Motion to Remand.

Depriving a prisoner of his property may implicate the Due Process Clause and form the basis for a § 1983 action. As Aldridge states in his Motion for Reconsideration, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of Due Process. *See Hudson*, 468 U.S. at 533, *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property, Mo. R. Civ. P. 99.01 - 99.15, and Aldridge does not allege this remedy is inadequate.

Aldridge argues that his Petition fails to state a cognizable § 1983 claim and is frivolous. Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Aldridge, however, did not file an action *in forma pauperis* in this Court. Instead, he chose to file his § 1983 claim

in state court.  As such, the undersigned has no ability to review his claims for frivolity under § 1915(e)(2)(B).

The Court declines to reconsider the decision denying Aldridge's Motion to Remand. Defendant removed this case under this Court's federal question jurisdiction, 28 U.S.C. § 1331, because the Petition sets forth a civil action arising under the laws of the United States. Specifically, Aldridge titled his petition "Verified Complaint under 42 U.S.C. § 1983," and sets forth violations of his constitutional rights by prison officials.  Thus, this Court has original jurisdiction over Aldridge's § 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a).  The issue Aldridge attempts to raise in his Motion for Reconsideration of whether he states a claim upon which relief can be granted is appropriate for consideration in a motion to dismiss.

Also pending is Aldridge's motion to correct the spelling of Defendants David Ballew and John Mills to:  "Michael Bellew" and "Brandon Mills," respectively.  (Doc. 20.)  Aldridge states that these Defendants and Defendant Jerry Walls have not been served.  He requests that the Court issue summonses for these Defendants.  Aldridge's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 15) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Spelling of Defendants' Names and Request for Service on these Defendants (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the docket sheet to change Defendant "David Ballew" to "Michael Bellew;" and to change Defendant "John Mills"

to "Brandon Mills."

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summonses for Defendants Michael Bellew, Brandon Mills, and Jerry Walls.

                                                        s/Abbie Crites-Leoni
                                                        ABBIE CRITES-LEONI
                                                        UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of November, 2019.