UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-cv-00075-JAR |
| | ) |
| BRIAN HOSKIN, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on multiple pending motions.

**Plaintiff's Motion for Issuance of Subpoenas (Docs. 49; 68); Defendants' Motion to Quash Plaintiff's Motion to Issue Subpoena (Doc. 56)**

Plaintiff has moved for issuance of subpoenas, specifically seeking materials from grievance proceedings and other documents pertaining to this case. (Docs. 49; 68). Defendants have moved to quash Plaintiff's initial motion on the grounds that the documents may contain sensitive information and Plaintiff failed to confer with Defendants' counsel as required under Federal Rules of Civil Procedure 37 and the Local Rules of this Court. (Doc. 56). As it is premature to permit discovery at this stage of litigation, before a case management order setting a timeline for discovery has been entered, this Court will deny Plaintiff's motions.

**Plaintiff's Third Motion to Remand Case to State Court (Doc. 48)**

Plaintiff has, for the third time, filed a motion to remand this case to state court. (Doc. 48). Defendants have responded, noting that Plaintiff brought this lawsuit under 42 U.S.C. § 1983, establishing federal question jurisdiction. (Doc. 51). Magistrate Judge Crites-Leoni denied

Plaintiff's first motion to remand on August 2, 2019 (Doc. 14) and denied Plaintiff's motion for reconsideration on November 4, 2019. (Doc. 22). Plaintiff filed an interlocutory appeal on November 13, 2019 (Doc. 24) which was denied by the Eighth Circuit for lack of jurisdiction. (Doc. 41). While Plaintiff's appeal was pending, he filed a second motion for remand (Doc. 34), which was properly denied by this Court due to the pending appeal. (Doc. 37). Plaintiff makes no new arguments in his third motion to remand. Therefore, for the same reasons Magistrate Judge Crites-Leoni and this Court have previously denied Plaintiff's previous motions to remand, the instant motion will be denied.

**Defendants' Motion for Judgment on the Pleadings (Doc. 44); Defendants' Motion to Dismiss (Doc. 61); Plaintiff's Motion for Leave to File Amended Complaint (Doc. 63)**

Defendants Hoskin, Cain, and McIntire filed a Motion for Judgment on the Pleadings arguing that Plaintiff has an adequate state law replevin claim. (Doc. 44). Defendants Walls, Mills, and Bellew have filed a Motion to Dismiss making similar arguments. (Doc. 61). This Court previously granted Plaintiff until May 21, 2020 to file an amended complaint (Doc. 53), and Plaintiff accordingly filed a Motion for Leave to File an Amended Complaint on May 20, 2020. (Doc. 63).

Motions to amend pleadings are governed by Federal Rules of Civil Procedure 15(a). *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

Pursuant to this liberal standard and the Court's previous order allowing Plaintiff until May 21, 2020 to amend his complaint, the Court will grant Plaintiff's motion and treat Doc. 63-1 as the operative complaint.[1] As a result, Defendants' dispositive motions are denied as moot, and Defendants are to direct any subsequent responses to Plaintiff's amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Issuance of Subpoenas (Docs. 49; 68) are **DENIED** and Defendants' Motion to Quash Plaintiff's Motion to Issue Subpoena (Doc. 56) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's third Motion to Remand (Doc. 48) is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 63) is **GRANTED**, and the respective Defendants' Motion for Judgment on the Pleadings (Doc. 44) and Motion to Dismiss (Doc. 61) are **DENIED as moot.** Defendants are hereby directed to respond to Plaintiff's amended complaint within **twenty-one (21) days from the date of this Order.**

Dated this 29th day of September, 2020.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also included a proposed Motion to Remand Amended Complaint as Document 63-2. Such motion is denied for the same reasons that Plaintiff's third motion to remand (Doc. 48) is denied.