**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| GEORGE F. ALDRIDGE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:19-cv-00075-JAR |
| ) | |
| BRIAN HOSKIN, et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 73) and Plaintiff George F. Aldridge, Jr.'s Motion to Remand. (Doc. 78). Plaintiff responded to the Motion to Dismiss (Doc. 76), and Defendants have replied. (Doc. 79). For the reasons discussed below, the Court will deny the motion to dismiss and remand this case to state court for further proceedings.

**I.    BACKGROUND**

On March 14, 2019, Plaintiff filed a "civil rights action under 42 U.S.C. § 1983" alleging that Defendants confiscated and ultimately lost Plaintiff's personal property while he was incarcerated at Southeast Correctional Center and Eastern Reception, Diagnostic and Correctional Center. (Doc. 1-3 at 3-5). The property consisted of personal family photos, cassette tapes, and other miscellaneous items. (*Id.* at 39). Defendant Brian Hoskins timely filed a notice of removal stating that federal question jurisdiction existed under 28 U.S.C. § 1331. (Doc. 1 at 2). Plaintiff filed a motion to remand (Doc. 10), which Magistrate Judge Crites-Leoni properly denied because Plaintiff's complaint "set[] forth a civil action arising under the laws of the United States." (Doc.

14 at 2). Plaintiff has since filed numerous motions for reconsideration and remand (Docs. 15, 34, 48, 76), all of which were denied. (Docs. 22, 37, 69, 77).

On March 24, 2020, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff's complaint should be dismissed because "Missouri law provides an adequate remedy for Plaintiff to pursue his claim." (Doc. 45 at 4). After briefing, this Court granted Plaintiff an opportunity to file an amended complaint. (Doc. 53). Plaintiff timely filed a motion for leave to file an amended complaint, which this Court granted on September 29, 2020. (Doc. 69). Plaintiff's amended complaint makes only state law claims, effectively seeking replevin and alleging violations of Article I, § 10 of the Missouri Constitution. (Doc. 70). Defendants now seek dismissal and primarily argue that this Court lacks subject matter jurisdiction because Plaintiff's amended complaint contains no claims arising under federal law. (Doc. 74).

## II.    LEGAL STANDARD

Defendants move to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction.[1] *See* Fed. R. Civ. P. 12(b)(1). When deciding a motion under Rule 12(b)(1), this Court "must distinguish between a facial attack – where it looks only to the face of the pleadings – and a factual attack – where it may consider matters outside the pleadings." *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). Defendants' motion presents a facial attack on subject matter jurisdiction. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4.

---

[1] Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that they are entitled to sovereign immunity on claims against them in their official capacities. Because the Court will decline to exercise supplemental jurisdiction and will remand the case to state court, there is no need to address Defendants' sovereign immunity claim.

F3d 590, 593 (8th Cir. 1993). Plaintiff's "handwritten pro se [complaint] is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### III.     DISCUSSION

<u>Existence of Subject Matter Jurisdiction</u>

Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff's amended complaint does not state a claim arising under the Constitution, federal laws, or treaties of the United States. (Doc. 74 at 3). *See* 28 U.S.C. § 1331. Plaintiff's response expresses understandable frustration; Plaintiff attempted to pursue his case in state court, and it was Defendants who removed the case to federal court and now seek dismissal. (Doc. 75 at 2-3). Defendants correctly note that Plaintiff's amended complaint does not state a federal claim. While the complaint does include general references to denials of due process, such references are tied to Article I, § 10 of the Missouri Constitution. Liberally construed, Plaintiff's amended complaint seeks replevin under Missouri common law. The absence of a federal claim in the amended complaint, however, does not strip this Court of subject matter jurisdiction.

Because Plaintiff's original complaint was brought pursuant to 42 U.S.C. § 1983, this Court had original jurisdiction to hear the case and removal was appropriate. This Court also had jurisdiction over Plaintiff's supplemental state law claims, which "derive[d] from a common nucleus of operative fact" as the federal claim. *See* 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). "The existence of this jurisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *Kansas Pub. Emp. Ret. Sys. v. Reimer & Kroger Assocs.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996); *see also Barondes v. Wolfe*, 184 F. Supp. 3d 741, 744 (W.D. Mo. 2016) ("Since the Court had jurisdiction at the time this case was removed, it may continue to

exercise supplemental jurisdiction over the state law claims in the Amended Complaint, even if there are no federal claims left in the case."). Accordingly, this Court may retain supplemental jurisdiction over Plaintiff's state law claims.

    Exercise of Supplemental Jurisdiction

This Court may decline to exercise its supplemental jurisdiction, however, if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court had original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "If one of these statutory factors is present, the Court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise jurisdiction." *Barondes*, 184 F. Supp. 3d at 744 (citing *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1019 (8th Cir. 2011)). These are frequently referred to as the *Gibbs* factors. 383 U.S. 715 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).[2]

Since Plaintiff's amended complaint does not contain any claim arising under federal law, this Court may decline to exercise supplemental jurisdiction as guided by the *Gibbs* factors. 28 U.S.C. § 1367(c)(3). As in the typical case, this Court finds that the *Gibbs* factors clearly weigh against exercising supplemental jurisdiction. This case not yet proceeded to discovery, nor has an answer even been filed, meaning judicial economy will not be substantially sacrificed by declining

---

[2] Courts are also instructed to "consider whether the plaintiff has engaged in any manipulative tactics." *Cohill*, 484 U.S. at 357. This often involves a plaintiff who includes a meritless federal law claim in their petition only to obtain federal jurisdiction. Plaintiff, who brought his initial case in state court and has repeatedly sought remand, has clearly not engaged in any manipulative tactics.

to exercise supplemental jurisdiction. It is entirely convenient for Defendants, Missouri citizens, to continue defending this case in Missouri state court. Finally, such a decision is fair in light of the pro se Plaintiff's repeated attempts to proceed in state court.

In *Cohill*, the Supreme Court concluded that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Cohill*, 484 U.S. at 357. Having determined that retaining jurisdiction over Plaintiff's state law claims would be inappropriate, this Court will decline to exercise supplemental jurisdiction and remand Plaintiff's case to state court.

### IV. CONCLUSION

Plaintiff filed suit in state court alleging violations of 42 U.S.C. § 1983, the Missouri Constitution, and Missouri state law. Defendants properly removed the case to this Court, but Plaintiff has since amended his complaint and removed all claims arising under federal law. While this Court may still exercise supplemental jurisdiction over Plaintiff's state law claims, it declines to do so pursuant to 28 U.S.C. § 1367(c) and the *Gibbs* factors. Having declined to exercise supplemental jurisdiction, it is proper to remand Plaintiff's case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 73) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 78) is **GRANTED in part.** The Clerk of Court is directed to remand this case to state court for further proceedings.

Dated this 28th day of October, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE